```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JUAN SERGIO GALICIA, et al.,                                            :
                                                                        :
                              Plaintiffs,                               :      14-CV-7911 (JMF)
                                                                        :
            -v-                                                         :    MEMORANDUM OPINION
                                                                        :         & ORDER
PORTO RESTAURANT, INC., et al.,                                         :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against Porto Restaurant, Inc. and John Halikias (together, "Defendants") to recover unpaid minimum wages and overtime allegedly owed to him for work performed as a busboy. On January 16, 2015, Plaintiff moved for conditional certification of a FLSA collective action and for approval of a collective action notice. (Docket No. 18). Plaintiff's motion was unopposed. Upon review of Plaintiff's submissions, Plaintiff's motion for conditional certification is GRANTED. The Court reserves judgment on Plaintiff's motion for approval of the collective action notice and procedures for distributing the notice.

The Court finds that Plaintiff has carried his "low" burden at this stage of making a "modest factual showing" that he and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'" to support a motion for

collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) (noting that, on a motion for preliminary certification of collective action, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations). Furthermore, after discovery, Defendants may move for decertification of the collective action. *See, e.g.*, *Davis v. Abercrombie & Fitch Co.*, No. 08-CV-1859 (PKC), 2008 WL 4702840, at *10 (S.D.N.Y. Oct. 23, 2008); *see also, e.g.*, *Ack v. Manhattan Beer Distribs., Inc.*, No. 11-CV-5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012). "At that point," the Court would determine "on a full record, and under a more stringent standard, whether [any] additional plaintiffs are in fact similarly situated." *Davis*, 2008 WL 4702840, at *10. If the Court were then to find "that all plaintiffs [were] similarly situated, the collective action [would] proceed[] to trial; otherwise, the class [would be] decertified and the claims of the opt-in plaintiffs [would be] dismissed without prejudice." *Id.*

Accordingly, Plaintiffs' motion for conditional certification of a collective action comprised of "all employees of the defendants in the employment of the defendants any time after three years before the date of the complaint" is GRANTED. (Mem. Law Supp. Mot. To Conditionally Certify Collective Action (Docket No. 20) 4). The Court reserves judgment, however, on approval of Plaintiff's proposed Notice and Consent to Become a Party Plaintiff form (attached to this Order as Exhibit A). First, Plaintiff submitted the proposed notice, procedures, and consent form (in the form of a proposed Order) directly to the Court, and thus Defendants may not have had the opportunity to review them. Second, the Court has several concerns with Plaintiff's proposed Notice and Consent forms. In particular, the Court believes

that: (1) opt-in Plaintiffs should be directed to submit their Consent forms directly to the Clerk of Court of the Southern District of New York, rather than to counsel for Plaintiff; (2) the Notice should indicate that opt-in Plaintiffs should not contact the Court if they have any questions regarding their eligibility to participate in the action; and (3) the Consent to Become a Party Plaintiff form should indicate that opt-in Plaintiffs designate the named Plaintiff to act on their behalf, but that they are permitted to proceed with alternative counsel of their own choosing. The parties are directed to meet and confer with regard to the above-named concerns and any proposed changes Defendants may have and to submit a proposed Order, Notice, and Consent to Become a Party Plaintiff no later than **February 20, 2015.**  The parties are advised to review *Saleem v. Corporate Transportation Group, Ltd.*, 12-CV-8450 Docket No. 67, for a Notice and Consent to Become a Party Plaintiff approved by this Court.

The Clerk of Court is directed to terminate Docket No. 18.

SO ORDERED.

Dated: February 6, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge